430 F.2d 889
 Birdie Mae DAVIS et al., Plaintiffs-Appellants-Cross Appellees, and
United States of America, etc., Plaintiff-Intervenor-Appellants-Cross Appellees,
v.
BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY et al., Defendants-Appellees-Cross Appellants, and
Twila Frazier et al., Intervenors-Appellees.
 No. 29332.
 United States Court of Appeals, Fifth Circuit.
 August 28, 1970.
 
 Vernon Z. Crawford, Mobile, Ala., Jack Greenberg, New York City, for Birdie Mae Davis and others.
 Jerris Leonard, Asst. Atty. Gen., Dept. of Justice, Washington, D.C., C. S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., for the United States.
 Abram L. Philips, Jr., George F. Wood, Mobile, Ala., for School Board.
 Samuel L. Stockman, Mobile, Ala., for Mobile County Council P. T. A.
 Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.
 
 BY THE COURT:
 
 1
 This court mandated a plan of pupil assignment for the Mobile school district in its order of June 8, 1970. This plan was modified by the district court in its order dated July 13, 1970. The district court further modified the plan in an order dated July 30, 1970. On August 4, 1970, we substantially affirmed the modifications made in the assignment plan by the July 13, 1970 order of the district court. We did not have the changes embraced in the July 30, 1970 order before us at the time. Plaintiffs-appellants have now appealed from the July 30, 1970 order.
 
 
 2
 The July 30, 1970 order makes changes in the attendance zones of 32 separate schools. Some of the changes had no effect from the standpoint of desegregation. Others diminished the degree of desegregation accomplished in the prior orders of this court and the district court. Most of the changes can be affirmed on the basis of efficient school administration and because there is no claim of a racially discriminatory purpose. It is clear that some of the other changes cannot be affirmed and that time is of the essence in resolving the controversy which has arisen over the July 30, 1970 changes in light of the short time before school is to commence in Mobile.
 
 
 3
 The court has considered the motion for summary reversal, the memoranda in support of and opposition thereto, and in addition, a pre-hearing conference with counsel has been conducted by Judge Bell for the court pursuant to Rule 33, FRAP. After due consideration, the appeal is terminated on the following basis:
 
 
 4
 (1) The middle school and high school zone lines shall be the same as those set forth in the July 13, 1970 order of the district court.
 
 
 5
 (2) The elementary school zones shall be modified as follows:
 
 
 6
 (a) Palmer and Glendale schools shall be paired.
 
 
 7
 (b) Council and Leinkauf schools shall be paired.
 
 
 8
 (c) The area of the Whitley zone as described in the July 30, 1970 order of the district court that lies west of Wilson Avenue shall become a part of the Chicasaw zone.
 
 
 9
 (d) The area in the Westlawn zone as described in the July 30, 1970 order of the district court that lies north of Dauphin Street shall become part of the Old Shell Road school zone.
 
 
 10
 (3) Counsel for the school board agrees with counsel for plaintiffs-appellants that they will confer and make facts available regarding desegregation of the school system staffs.
 
 
 11
 (4) Students who refuse to attend the schools to which they are assigned by the school board under the order of the district court shall not be permitted to participate in any school activities, including the taking of examinations and shall not receive grades or credit.
 
 
 12
 (5) Henceforth, any time the school board desires to have changes in zone lines made, it shall give reasonable notice to the parties.
 
 
 13
 The order of the district court of July 30, 1970 is in all other respects affirmed.
 
 
 14
 It is so ordered.